# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 400 - 1, 2, 5 | **DATE** | 1/2/2003 |
| **CASE TITLE** | UNITED STATES vs. PHILLIP J. COZZO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (63-1) to sever is denied. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 7 - 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 91 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| DW | courtroom deputy's initials | 03 JAN -6 AM 9:17 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | DOCKETED |
| Plaintiff, | JAN 7 2003 |
| v. | No. 02 CR 400 - 1, 2, 5 |
| | Judge James B. Zagel |
| PHILLIP J. COZZO et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

The United States has charged ten defendants with violating 18 U.S.C. § 371, 1341, 1955, 1956(a)(1)(B)(h), 1956(d) and 2, and 26 U.S.C. § 7206(1). The forty-count indictment alleges that beginning about January 1992 and continuing to at least November 1999, an enterprise consisting of all the named defendants existed primarily to "generate income for its members through illegal activities" and to "cover up and conceal evidence of the enterprise's involvement in illegal activities." The alleged activities included; "(1) operating an illegal gambling business; (2) devising a scheme to defraud and to obtain money and property by means of false and fraudulent representations through the use of the mails; (3) conducting financial transactions to launder money; (4) using threats, violence and intimidation to discourage witnesses; and (5) tampering witnesses to the enterprise's illegal activities."

Defendants Cozzo, Shlifka, and Useni have jointly moved to sever pursuant to Fed.R.Crim.P. 14 for the following reasons: (1) Shlifka had no relationship with the remaining seven defendants and was not part of any conspiracy whatsoever; (2) Cozzo and Useni had only a buyer-seller relationship with the remaining defendants and therefore, as a matter of law, were not members of the same continuing criminal conspiracy; (3) assuming that Cozzo, Shlifka and

91

Useni were members of an alleged conspiracy it was distinct and separate from any conspiracy involving the remaining defendants; (4) further, assuming that Cozzo, Shlifka and Useni were members of a conspiracy with the remaining defendants, the video surveillance recordings the government will introduce at trial contain numerous potential admissions by those remaining defendants, which are both highly prejudicial and inadmissible as to Cozzo, Shlifka and Useni because they do not satisfy the "in furtherance" requirement of the Fed.R.Evid. 801(d)(2)(E) coconspirator exception to hearsay evidence; and (5) the evidence the government will introduce at a joint trial is overwhelmingly against the remaining defendants and not against Cozzo, Shlifka and Useni.

I reject severance on the purported factual reasons that Shlifka had no relationship with the remaining seven defendants and was not part of any conspiracy whatsoever, that Cozzo and Useni had only a buyer-seller relationship with the remaining defendants, or alternatively that Cozzo, Shlifka and Useni were members of their own distinct and separate conspiracy from that involving the remaining defendants. Obviously, the government disagrees with these assertions. Even if it failed to address these assertions in its response to the motion, this failure is inconsequential because the complaint clearly outlines the defendants' respective roles in the alleged enterprise.[1] Moreover, even if these assertions are true, defendants have still not made

---

[1] Cozzo is alleged to have served as the day-to-day manager of the Bingo Hall and to have continued to have received money from the enterprise well into 1997. Shlifka is alleged to have established the enterprise's plan to use the Italian American War Veterans of the United States, Inc. posts as fronts for and the main victims of the criminal activity of the enterprise's conspiracy, a concept which continued throughout the conspiracy, and to have functioned as a supervisor of the workers in the day-to-day operations of the enterprise at the Bingo Hall. Useni is alleged to have assisted with the running of the gambling games at the Bingo Hall, to have received stock in The Grand Palace, Inc., to have participated in the day-to-day operations by directing the activities of the workers of the enterprise at the Bingo Hall, and to have continued

out a valid claim for severance. Fed.R.Crim.P. 8(b) permits the government to charge two or more defendants in the same indictment "if they are alleged to have participated in the same acts or transactions or in the same series of acts or transactions constituting an offense or offenses," and in determining whether there is misjoinder, a court must look to the face of the indictment. *United States v. Velasquez*, 772 F.2d 1348, 1354 (7th Cir. 1985). Here, even if Cozzo, Shlifka and Useni show that their conduct constituted a separate illegal gambling, money laundering, tax fraud, and RICO conspiracy than the one involving the remaining defendants, both conspiracies stem from all of the defendants' involvement with the Grand Palace Bingo Hall, the Italian American War Veterans of the United States, the Grand Palace, Inc., and Bingo Partners, Inc. Therefore, both conspiracies would still be part of the same series of acts or transactions and thus properly joined.

Regarding the other purported reasons for severance, I find them equally unpersuasive. Fed.R.Crim.P. 14 permits severance, even where joinder is proper, if prejudice would result from joinder. Demonstrating prejudice is difficult for defendants to do because they "must overcome the dual presumptions that a jury will capably sort through the evidence and will follow limiting instructions from the court to consider each count separately." *United States v. Turner*, 93 F.3d 276, 284 (7th Cir. 1996). Here, the defendants have failed to show that they will be unable to obtain a fair trial without severance. They have failed to support their assumption that the jury will be unable to compartmentalize the evidence or to follow limiting instructions such that joinder would "compromise a specific trial right" or would "prevent the jury from making a reliable judgment about guilt or innocence." *See Zafiro v. United States*, 506 U.S. 534, 539

---

to receive money from the enterprise well into 1997.

(1993). I have found that less drastic measures than severance suffice to cure any risk of prejudice. Moreover, I have found that defendants claiming to be the least culpable or culpable to a lesser degree than their co-defendants often fare better in joint, rather than separate trials.

For the aforementioned reasons, Cozzo, Shlifka, and Useni's Joint Motion to Sever is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 02 Jan 2003

4